## In re Priorities of Water Rights In Water District No. 17.

*District Court of Bent County, March 6, 1900.*

14

John R. Smith for petitioner. Platt Rogers and R. S. Beall appearing specially for adverse owners under Catlin ditch.

Voorhies, J.

This is a motion to quash the service, in so far as it applies to the holders of water rights under the Catlin Consolidated Canal Company, upon an application herein filed upon the petition of

T. C. Henry, asking for a change of the point of diversion and point of application of water under certain water rights herein decreed to the said Catlin Consolidated Canal Company, said service being made under an order of this court, heretofore made, setting this date as the day of hearing.

The record shows that under the order of the court no attempt at service has been made other than upon, and for the purpose of making service upon, the Catlin Consolidated Canal Company, the Otero Canal Company and the owners of water rights in the canal of the said the Catlin Consolidated Canal Company.

The question presented by this proceeding is, whether it is within the purview of the statute, or whether the attempted application of the statute in this character of proceeding is not entirely misconceived and misdirected.

Taking the statute of 1899 (L. '99, pp. 235-6), passed by the last legislature, it must be construed as a police regulation in connection with the subject matter of legislation covered by prior existing statutes upon the subject of irrigation and the establishment of priorities to the use of water; that is, it must be read in connection with the statute upon the subject of adjudicating and settling priorities to the use of water for irrigation under the act entitled, "An act for the adjudication and settling priorities for the use of water for irrigation in the District and Supreme Courts, and for the making of records of such priorities and filing a statement of costs and expenses incurred therein," said statute being enacted in 1881. (L. '81, pp. 142-160, 1 Mills Ann. St., §§ 2400, 2437.)

The proceeding in this case does not go to the settling of priorities, if it is to affect the question of the private rights of individual holders of water rights under the canal of the Catlin Consolidated Canal Company. As I take it, it is attempted in this proceeding to adjudicate and settle the rights between the holders and individual owners of priorities of rights under a certain decree, which in and of itself is a distinct priority as fixed in the general adjudication of rights within said district; that is, it is attempted in this proceeding to make a division of a priority therein adjudicated.

The view that the court takes of this statute is entirely different from the nature of the proceedings herein. If this action is to be maintained for the purpose of permitting a change of the point of diversion and point of application, the notice that must be given must be in compliance with the statutes as hereinbefore referred to, as provided in 1 Mills Ann. St., §§ 2405, 2406 and

2407. And I take it that the statute itself cannot be used for the purpose of settling the question of a division of a priority or the vested rights as they exist between the owners of water rights under a decree within the said district. If the question is to come before the court, it must come in the nature of a proceeding for the adjudication of water rights, in which event the notice that is served is not upon the proper parties; that is, not upon the holders of priorities, as indicated in the adjudication of water rights in Water District No. 17, heretofore made, and in order to proceed for said purpose of making a change of the point of diversion, and the point of application, notice must be served upon all the owners of priorities for the use of water in said water district.

The question as to whether or not publication should be had in one or more of the counties into which said district extends is not of first impression in this action. In this district the court has held, as I understand, and as has been held in other districts, that in the adjudication of the priorities of water rights notice must be published in each of the counties in which said district extends. For example: In Water District No. 16, in Huerfano county, publication of notice was had in said county and a decree entered therein. Subsequent thereto proceeding was also had in said water district in Pueblo county, and a decree entered therein. Upon a rehearing, it was held that both decrees were invalid, and were set aside, and a readjudication was had in said district, because notice was not given in the various counties into which the said district extended; and it was then and there held that said notice must be published in each and every county into which said water district extended.

The statute herein in controversy provides for the transfer of water between various owners of priorities, and, taken in connection with the general irrigation statute in the matter of affecting priorities, can only be upheld as a police regulation.

The notice given under the order of court, heretofore made in this case, is by publication in the county of Otero only, while the records of this court show that Water District No. 17 extends into several counties. Wherefore, it is held that notice by publication was not given as in compliance with the statute. And it is further held that said notice is not in compliance with the statute, because not served upon the owners and holders of priorities of water rights in said Water District No. 17. Neither has the notice been posted in ten public places within said water district, as provided by the statute, but has been posted, under the

order herein, in ten places along the line of the Catlin Consolidated Canal Company's ditch.

Therefore, the court is of the opinion that this motion to quash the service and to dismiss the action for want of jurisdiction of the parties should be at this time sustained, until proper notice, as provided by the statute, is given.

And the court will further say that upon proper notice being given, if all of the entire priority of the Catlin Consolidated Company's rights were to be transferred in point of diversion and application, then the matter would be within the purview of the statute. But, as I take it, this action being for the sole purpose of a division of said priority and for a transfer merely of a particular right, the application of the statute here is misdirected; that it cannot be used for the purpose of settling vested rights between the holders of water rights in the same priority. Taking it for granted that proper notice be given under the statute, as hereinbefore referred to, and also that notice be served upon each of the owners of stock in the Catlin Consolidated Canal Company, and that the court had jurisdiction of the parties under the statute, as provided in 1 Mills Ann. St., §§ 2405, 2406 and 2407, even then the court would not proceed in adjudicating the right for the change of point of diversion of water or the application in this proceeding, unless at the time it should be shown to the court that none of the parties owning the individual rights from the Catlin Consolidated Canal Company, and having the right to divert water carried by said company within its decree of priority, made protest to said proceeding; and if a single holder of a water right made such protest, then the proceeding under this act for a change of point of diversion would of necessity fall, and the parties would be relegated to a private suit in a court of competent jurisdiction to first determine the right of the division of the priority; that is, I believe that under the statute, before a proceeding of this kind can be had, it must affirmatively appear that said change of point of diversion of a particular part of a water right is assented to by all of the stockholders of the said the Catlin Consolidated Canal Company, which, if not made by consent, must be determined in an original proceeding in form and practice as any other suit; that is, it would be necessary to go into a court of competent jurisdiction, begin a suit in equity to show that the parties thereto were the owners of water rights in the canal, and that in equity and of right that the change of the priority to be severed ought to be made and a decree of the court had authorizing such transfer of the particular right desired to be changed.

Taking this view of the law, therefore, the court holds:

That there is no service upon the persons who have appeared here for the purpose of the division of the priority, and that the proper parties for the change of the point of diversion not being before the court, the motion upon behalf of the parties owning the water rights in the Catlin Consolidated Canal Company herein appearing to quash the service and dismiss said action for want of jurisdiction is well taken and should be sustained.

Which order, sustaining the motion to said extent, is hereby directed to be entered.